UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| JASMINE WATKINS, | ) | CASE NO. 5:11-CR-536 |
| --- | --- | --- |
| | ) | 5:19-CV-2427 |
| Defendant-Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Plaintiff-Respondent. | ) | |
| | ) | |

This matter comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #662). Petitioner seeks to vacate his sentence and conviction on Count One, Conspiracy to Possess with the Intent to Distribute and/or Distribution of Cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1) and (b)(1)(A) and Count Twenty-Eight, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He alleges that his convictions are unconstitutional. (ECF #662). For the reasons set forth below, Petitioner's Motion is DENIED.

## PROCEDURAL HISTORY

On November 14, 2012, Petitioner pled guilty to Conspiracy and to being a Felon in Possession of a firearm. (ECF #270). Petitioner raised no objection to the Pre-sentence Investigation Report (PSR). (ECF #337). Petitioner did, untimely, object to two of the criminal

history points. (ECF #451). The government argued that (1) the Petitioner admitted to engaging in the conduct required of the offense within the relevant time period; and, (2) this additional two-level enhancement was inconsequential because without the enhancement Petitioner was still in criminal history category VI. (*Id.*). Although it was untimely, the District Court heard the argument, but ultimately overruled Petitioner's objection. (*Id.*).

On February 1, 2013, Petitioner was sentenced to the mandatory minimum term of imprisonment of 240 months. (ECF #356). Petitioner filed a timely appeal. (ECF #355). On April 1, 2014, the Court of Appeals affirmed Petitioner's conviction. (ECF #455). Petitioner then filed a Motion for a New Trial under Rule 33(b)(1) of the Federal Rules of Criminal Procedure, (ECF #452), which the Court denied. (ECF #453).

On October 17, 2019, Petitioner filed a Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255. (ECF #662).

## **FACTS OF THE CASE**

Petitioner was a drug dealer with four prior drug distribution convictions. (ECF #337). On October 26, 2011, officials from Federal Bureau of Investigation executed a federal search warrant at 460 Reynolds Avenue, Columbus, Ohio, the residence of Petitioner. (ECF #12). The search yielded a Sig Sauer automatic weapon, one magazine, .40 caliber rounds, miscellaneous paper, photographs, mail, a copy of a photo ID for Petitioner, a Kodiak EasyShare, two Samsung TMobile cell phones, a notebook, 9mm rounds, books, and New York license plates. (*Id.*). The wiretaps and later physical surveillance revealed that Petitioner was responsible for importing multiple kilograms of cocaine into the Stark County, Ohio area. (*Id.*).

## DISCUSSION

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #662). Title 28, U.S.C., § 2255, sets forth the four grounds upon which a federal prisoner may base a claim for relief: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion, Petitioner must prove by a preponderance of the evidence that his/her constitutional rights were denied or infringed. United States v. Wright, 624 F.2d 557, 558 (5th Cir. 1980).

It is well settled that a proper § 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. Stone v. Powell, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." Id. at 164.

Next, the Court in Clay v. United States, 537 U.S. 522, 525-27 (2003), held that where a defendant does not seek certiorari review from the appellate court judgment, the judgment becomes final when the time to petition for a writ of certiorari expires. The petitioner in this case had a window of ninety days after the Court of Appeals affirmed his conviction to file a writ of certiorari; this window closed on June 30, 2014. Petitioner now files his motion under § 2255

more than five years after his conviction became final. Thus, the motion is time barred.

## CONCLUSION

Based on the above rationale, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED without an evidentiary hearing, as the files and records of this Court establish that he is not entitled to any relief. See Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (no evidentiary hearing required where "record conclusively shows that the petitioner is entitled to no relief") (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)); Ross v. United States, 339 F.3d 483, 490 (6th Cir. 2003) (quoting Green v. United States, 65 F.3d 546 (6th Cir. 1995)). Petitioner has not complied with procedural requirements, as he filed the motion more than ninety days after the Court of Appeals affirmed his conviction on April 1, 2014. Clay v. United States, 537 U.S. 522 (2003). Thus Petitioner's Motion is DENIED.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>(B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: November 20, 2019