UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:11 CR 536 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| JASMINE WATKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for a Reduction in Sentence and For Compassionate Release Pursuant to the First Step Act, 18 U.S.C. §3582 and USSG 1B1.13(b)(5) and (6). (ECF #793). This was Mr. Watkins' second motion for Compassionate Release. (ECF #701, 714). The Government filed a Response in Opposition to the motion. (ECF # 800). The Court originally stayed disposition of the motion pending the outcome of a relevant appeal addressing the validity of USSG §1B1.13(b)(6), upon which Mr. Watkins relies, in part. That appeal has been resolved and Mr. Watkins' motion is now ripe for decision.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's

Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B). The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). This exhaustion requirement is not subject to any "judge-made exceptions," and may not be excused based on equitable reasons or futility. *Id.* at 834-836; U.S. v. *Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021).. Neither party has addressed the exhaustion requirement in their briefing, and there is no evidence or indication that Mr. Watkins filed a request for compassionate release with the Warden of his facility. Therefore, because Mr. Watkins has not shown that he exhausted his administrative remedies by first seeking compassionate release from the Director of the Bureau of Prisons, he is not eligible for relief under the compassionate release provisions of 18 U.S.C. §3582(c)(1)(A). His motion for relief is, therefore, DISMISSED without prejudice.

Even if the Court were to consider his request, Mr. Watkins would not be eligible for release under U.S.S.G. §1B1.13(b)(6). In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

Relief is precluded under U.S.S.G. §1B1.13(b)(6) by the Sixth Circuit's recent opinion in *United States v. Bricker*, Case No. 24-3286, decided on April 22, 2025. In *Bricker*, the Sixth Circuit held that §1B1.13(b)(6) is invalid, and that neither the Courts nor the Sentencing Commission can override Congress' decision to deny retroactive application of changes to the sentencing statutes. *Id.* at page 29. Because nonretroactive changes to the sentencing laws can no longer be considered an "extraordinary and compelling" reason to reduce a defendant's sentence under 18 U.S.C. §3582(c)(1)(A), Mr. Watkins' motion for Compassionate Release cannot proceed on those grounds. [2]

For the reasons set forth above, the Court finds under the totality of the circumstances that Defendant's Motion for Compassionate Release should be DISMISSED with prejudice, as to his arguments relying the application of U.S.S.G. §1B1.13(b)(6), and DISMISSED without prejudice, as to his arguments relying on his alleged lack of access to healthcare. (ECF #793). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: July 21, 2025

---

[2] Mr. Watkins' motion misconstrues the Sixth Circuit's prior holding in United States v. Bricker, 2024 U.S. App. LEXIS 15572. Contrary to Defendant's assertion, the Sixth Circuit did not affirm the decision to grant Mr. Bricker compassionate release under §1B1.13(b)(6). Rather, that cited opinion permitted Mr. Bricker to be released from custody pending final disposition of the appeal on the merits. That disposition came on April 22, 2025, at which time the Sixth Circuit reversed the decision granting compassionate release and invalidated §1B1.13(b)(6).